LABAN TYLER v. HORACE ARNOLD AND EDWARD ARNOLD.

*Domestic relations—Father's liability for debts of minor son.*

Where a minor son spends most of his time away from home and is allowed to retain most of the wages which he receives for his labor, a dealer who furnishes him clothing cannot recover its value from his father if the latter has never authorized the son to buy on his credit, or authorized or confirmed the transaction, and if there is no showing that the articles furnished were in any proper sense necessaries, or that the father has failed in his duty to supply the son's wants.

Error to Van Buren.    Submitted Jan. 13.    Decided Jan. 25.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Mills & Crane* for plaintiff in error. A promise by a father to pay for goods previously bought by his minor son is not binding where there is a statutory provision regulating the liability : Comp. L. ch. 49 ; *Loomis v. Newhall* 15 Pick. 159 ; and where the son has chosen to stay away from home and has kept the wages received for his labor both at home and elsewhere, the father would not be liable for necessaries : *Schoenberg v. Voigt* 36 Mich. 310 ; 1 Pars. Cont. 298 ; Schouler's Dom. Rel. 328 ; Chitty Cont. 140 ; *Hunt v. Thompson* 3 Scam. 179 ; *Gotts v. Clark* 78 Ill. 229 ; *Varney v. Young* 11 Vt. 258 ; *Gordon v. Potter* 17 Vt. 350.

*Wm. H. Tucker* for defendants in error.

GRAVES, C. J. Tyler being a farmer and defendants in error country traders in the same vicinity, the latter sold a suit of clothes to Tyler's minor son who was about twenty years of age, and were allowed in the court below to recover of the plaintiff in error therefor. The young man directed that the goods should be charged to his father, and evidence was given for defendants in error that he represented that his father authorized him. This however he denied. The substantial facts were that he spent the most of his time away from home and received for his own use the pay for the chief part of the labor he performed. His father had never opened any account with defendants in error and when trading with them, as he sometimes did, had always paid the money. He had never authorized the son to buy on his account nor had he in any way given the defendants in error to understand otherwise. There was no evidence of either an actual or an implied authority or of any assumption or confirmation of the transaction.

But the circuit judge did not confine the right of action to the law of agency. He informed the jury that the parent was under a general moral and legal duty to provide necessaries for his infant child and that in case of his failing in this duty willfully or negligently a stranger might supply the necessaries at his expense, and he submitted the case under an implication that there were circumstances, on which

the jury might find that in selling this clothing to the young man the defendants in error were within the protection of this doctrine.

It is not necessary to discuss this view of parental responsibility, because the case does not require it. It is sufficient that the facts did not authorize the consequence which the charge permitted the jury to draw from it. There was evidence, neither of real need in any proper sense on the part of the young man, nor of the neglect on the father's part suggested by the proposition. In short there was no state of facts which according to any theory would entitle defendants in error to step in and sell to the son on the father's credit. The case called for a peremptory instruction to find for the plaintiff in error.

The judgment is reversed with costs and a new trial granted.

The other Justices concurred